

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHRISTOPHER A. RAMSEY, § § Plaintiff, § § v. § § NO. 2:07-CV-209-J GREAT PLAINS CATTLE FEEDERS I, § LTD., RICHARD CLAY BIRDWELL, § GREAT PLAINS FEEDERS I, LLC, § GREAT PLAINS CATTLE FEEDERS II, § LLC, GREAT PLAINS CATTLE § COMPANY I, LLC, and GREAT PLAINS § CATTLE FEEDERS, INC., § § Defendants. § | |

## MEMORANDUM OPINION

On July 9, 2008, the Defendants filed their answer, which contained a *Motion to Strike* and a *Motion to Dismiss*. Plaintiff filed a response on July 25, 2008, and Defendants filed a reply on July 29, 2008. Defendants' motion to strike is DENIED. Defendants are ordered to submit briefing on their motions to dismiss for failure to state a claim upon which relief can be granted. Defendants are ordered to submit affidavits on their motions to dismiss for failure to join an indispensable party.

## BACKGROUND

This case arises out of a cattle feeding and sale transaction entered into by the parties. Plaintiff alleges that he entered into an undertaking in 2006 with Defendant Birdwell, who was doing business as/under the name of one of the Defendant entities. Plaintiff alleges that he hired the Defendant(s) to buy and feed up to 5,500 head of cattle. The Defendants were supposed to

use their expertise to feed and sell the cattle for Plaintiff's benefit.  Plaintiff alleges he paid the Defendants for food, medicine, and yardage in accordance with the written agreement they entered into.  Plaintiff claims that he was guaranteed by contract the reimbursement of his expenses "plus an agreed upon profit of $10.00 per head" on the cattle.  Plaintiff therefore alleges he is owed approximately $400,000 by Defendants which he has not been paid.

Defendants contest these allegations.  Defendants also allege that the claims of the Plaintiff are barred in whole or in part by the doctrines of estoppel, failure of consideration, and illegality, and because none of the Defendants ever assumed or agreed to be bound by the agreement.

In answering the amended complaint, Defendants have filed a motion to strike and a motion to dismiss.

## MOTIONS TO DISMISS

In their answer, Defendants alleged that the complaint fails to state a claim upon which relief can be granted, that the complaint fails to state a claim against Defendant Birdwell upon which relief can be granted, and that the complaint fails to state a claim against the LLC entities upon which relief can be granted.  These motions to dismiss are not briefed.  Local Rule 7.1(h) requires that motions to dismiss be briefed.  Defendants therefore have until 20 days from this Order's date to file a brief in support of their motion to dismiss Plaintiff's complaint.

Defendants moved to dismiss the Plaintiff's complaint on grounds that the Plaintiff failed to join indispensable parties under Federal Rules of Civil Procedure 12(b)(7) and 19(1)(B)(ii).  The Court orders the Defendants to file their supporting affidavits within 20 days of this order's date.  The Plaintiff shall file its supporting affidavits within 20 days of the Defendants' filings.  The Court will consider the motion to dismiss for failure to join an indispensable party on the

affidavits and pleadings submitted. FED. R. CIV. P. 43(c) (2008); *Kessmann & Assocs. v. Barton-Aschman Assocs.*, 10 F. Supp. 2d 682, 688-89 (S.D. Tex. 1997), *citing* 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1366 (2d ed. 1990) (Stating that there has never been "any serious doubt as to the availability of extra-pleading material" on 12(b)(7) motions); *see also Estes v. Shell Oil Co.*, 234 F.2d 847, 849 (5th Cir. 1956) (Acknowledging that it was necessary for the district court to rule on the motion to dismiss for failure to join an indispensable party based on the allegations of the complaint as well as affidavits submitted to the court).

## MOTION TO STRIKE

The Defendants move to strike all references in the Complaint to deception, including all uses of the word "deceptive" and the phrase "deceptively similar" on the grounds that Plaintiff "has not alleged that he has been deceived or tricked in any way." Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter…on motion made by a party…" FED. R. CIV. P. 12(f) (2008). Generally, "motions under Rule 12(f) are viewed with disfavor and are infrequently granted" because striking part of the complaint is such a drastic action. *Berry v. Lee*, 428 F. Supp. 2d. 546, 563 (N.D. Tex. 2006), *citing Jacobs v. Tapscott*, 2004 U.S. Dist. LEXIS 30282, *2 (N.D. Tex. 2004). A motion to strike should be denied if there is any question of law or fact. *US v. Cushman & Wakefield, Inc*., 275 F. Supp. 2d 763, 768 (N.D. Tex. 2002), *citing Fed. Deposit Ins. Corp. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993).

There is a factual dispute as to whether or not the Defendants were deceptive. Plaintiffs have alleged that there was no legal entity having the name Great Plains Cattle Feeders, Ltd., the name that was used in the contract dealing with the Plaintiff on the cattle feeding transaction.

Plaintiffs also allege that Defendant Birdwell nonetheless did business with the Plaintiff using the name Great Plains Cattle Feeders, Ltd.. Defendants allege that this name on the contract was simply a mistake.

Further, Defendants claim that the allegations of deception do not have any connection to the claims being asserted by the Plaintiff, but are merely asserted by Plaintiff to cast aspersions on Defendants. However, Plaintiff has filed multiple claims, including a claim based on a breach of the covenant of good faith and fair dealing.

Defendants' motion to strike the allegations of deception from the complaint is denied.

It is SO ORDERED.

Signed this  26th  day of August, 2008.

                                           Mary Lou Robinson
                                           **MARY LOU ROBINSON**
                                           **UNITED STATES DISTRICT JUDGE**